IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PERSEPHANIE CHANELLE FREEMAN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:21-CV-536-ECM-KFP ) |
| ALABAMA DEPARTMENT OF REVENUE, | ) ) ) ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding pro se, brings this action against the Alabama Department of Revenue. Upon review of the Complaint under 28 U.S.C. § 1915(e)(2)[1], and for the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED as frivolous and for failure to state a claim on which relief may be granted.

**I.      THE COMPLAINT'S ALLEGATIONS**

The Complaint contains mostly incomprehensible, fantastical factual allegations with a single legal conclusion. The only indication that the Complaint asserts any legal claim arises from the form complaint document Plaintiff used for her pleading—the document for an "alleged violation of civil rights." *See* Doc. 1. There are, however, no

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review her pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint proceeding *in forma pauperis* if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief.

supporting factual details to suggest that Plaintiff's civil rights were violated. For instance, Plaintiff asserts the following facts:

- She was involved in car accidents with unidentified people sometime in 2016 and 2019;
- Thereafter, she began to see her initials on car tags, and those "car tags . . . have been sending voices and demons" in her home;
- She has been targeted on social media, where she has seen cartoons and memes about her life, unauthorized photos of herself with President Obama and others of her naked body parts, and lies about her business and personal information;
- She is targeted by some unidentified individual "high up in government";
- Unidentified people are talking constantly in her home and making threats that they will end her life;
- She has been run off the roadway, more than once, by an unidentified driver of a diesel truck;
- Her life has been threatened by unidentified individuals because she will not agree to be famous; and
- She was held at gunpoint by unidentified state troopers for traveling up and down the Montgomery highway.

Docs. 1, 1-1. As relief for her asserted grievances, Plaintiff seeks witness protection. Doc. 1 at ¶ 6.

## II. DISCUSSION

Under 28 U.S.C. § 1915(e)(2), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-CV-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Plaintiff's Complaint is nearly devoid of factual allegations that the named Defendant, the Alabama Department of Revenue, took *any* action. The only action Defendant allegedly took was in creating the demonic car tags. Doc. 1-1 at 2. The disconnected factual allegations and single legal conclusion asserted do not allow the Court

to draw a reasonable inference that the named Defendant is liable for whatever misconduct is alleged or that any plausible legal claim could be rooted in the asserted facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556) (2007)). Indeed, a plaintiff does not state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'" *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Even construing the Complaint as liberally as possible, the Court cannot discern any meaningful factual allegations that could be tethered to a federal cause of action. *See Barnett v. Lightner*, No. 13-482, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (noting that a court "does not have 'license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action.'") (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). The Complaint consists of random, nonsensical allegations, mostly based upon asserted beliefs in hallucinatory phantasms. These allegations do not warrant federal review.[2] Because the Complaint lacks factual detail connected to a viable legal claim, it fails to state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557).

---

[2] *See United States v. True*, No. 6:02-CV-951, 2003 WL 21254889, at *1 (M.D. Fla. Apr. 25, 2003) (affirming summary denial of defendant's motion to dismiss because it was written in incomprehensible gibberish) (citing *Crain v. Comm'r*, 737 F.2d 1417, 1418 (5th Cir. 1984) (affirming dismissal of tax court petition on basis that petition was a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish")); *Cox v. United States*, No. 20-62372-CV, 2021 WL 1178493, at *1–2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 20-62372-CIV, 2021 WL 1177486 (S.D. Fla. Mar. 29, 2021) (dismissing complaint with "incomprehensible and unsupported assertions"); *Blakely v. Fla.*, No. 20-60994-CV, 2020 WL 5578955, at *1–2 (S.D. Fla. Aug. 24, 2020), *report and recommendation adopted*, No. 20-60994-CIV, 2020 WL 5571806 (S.D. Fla. Sept. 17, 2020) (dismissing case "fraught with incomprehensible facts" that did not identify a federal cause of action).

Moreover, although a pro se complaint must be liberally construed, *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008), a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Bilal*, 251 F.3d at 1349 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Although a pro se litigant should generally be given an opportunity to amend her deficient complaint, the Court need not allow amendment when it would be futile. *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

In this case, Plaintiff's allegations are plainly frivolous and must be dismissed; amendment will not cure the deficiencies. *See Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming dismissal without leave to amend of frivolous, sovereign-citizen like complaint). Claims have been held frivolous "where the plaintiff alleges infringement of a legal interest which obviously does not exist, [i.e., a] claim . . . founded on an indisputably meritless legal theory" and where the "[c]laims detail[] fantastic or delusional scenarios [that also] fit into the factually baseless category." *Figueroa v. McDowell*, No. 17-23719-CIV, 2017 WL 6598542, at *1 (S.D. Fla. Nov. 15, 2017) (citing *Neitzke*, 490 U.S. at 327-28). Plaintiff's Complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because it does not contain "an arguable basis in law or fact."

*Neitzke*, 490 U.S. at 328. The undersigned finds that, given the Complaint's fantastic and delusional allegations, no constructive purpose would be served by directing Plaintiff to file an amended complaint.

For the above reasons, the undersigned concludes that Plaintiff's Complaint is frivolous, fails to state a claim on which relief may be granted, and should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Thompson v. Adamson*, 247 F. App'x 178, 179 (11th Cir. 2007) (citing *Neitzke*, 490 U.S. at 324-25) (noting federal courts have discretion to dismiss pro se complaints if they lack an arguable basis in fact or in law).

## III.   CONCLUSION

Accordingly, the undersigned RECOMMENDS that this action be DISMISSED without prejudice under 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim on which relief may be granted.

It is further ORDERED that:

On or before **January 19, 2022**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of January, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE